J. R. CHERRY v. CITY OF CHARLOTTE.

(Filed 22 November, 1933.)

Civil action, before *Oglesby, J.,* at May Term, 1933, of Meck-
lenburg.

The plaintiff owned a tract of land on the Derita Road near the city
of Charlotte. He developed this land into residential lots and to add to
the desirability of the lots laid a water line about 3,500 feet long. The
defendant city gave permission for the laying of such water line and
furnished the specifications therefor and supervised the construction.
The cost of the line was approximately $1,700, which was paid by the
plaintiff.

The plaintiff testified as follows: "He arranged with Mr. Vest,
superintendent of the water department of the city, that he would not
take any one on my line without an order from me. He was to get an
order from me and when I gave the order to him the tapping fee was
to be paid to me, and I was to write an order to Mr. Vest after that,

and he was then to connect the water and charge them for the water.
. . . The city made one connection that I know of for a man named
Freeze . . . without my consent or without notifying me. . . .
When I ran my water line out there I expected the city would run
water through it and that it would charge for the water. . . . Pro-
vision was made in front of each lot so that you just had to tap on to get
the water in there. . . . We just put a little T there so that they
could get into the house. I do not contend that I still own the water
line. I say the city owns it all. The city evidently owns it all. I say
that because they permitted one man to tap on that they own it all now."

Upon the foregoing evidence the plaintiff contended that as the city
had permitted a man named Freeze to tap the water line owned by him
that such tapping constituted an appropriation by the city of the whole
line, and consequently the plaintiff brought suit for the value of his
property.

The city denied that it had appropriated any property belonging to
the plaintiff.

The following issues were submitted to the jury:

1. "Was the plaintiff the owner of the pipe line in March, 1930, as
alleged in the complaint?"

2. "Did the defendant appropriate to its own use any part of or all
of plaintiff's pipe line in March, 1930, as alleged in the complaint?"

3. "What was the value of the line or the part thereof appropriated
by the defendant in March, 1930?"

The first issue was answered "Yes"; the second issue "Yes, one
tapping," and the third issue "$65.00."

From judgment upon the verdict the plaintiff appealed.

*J. F. Flowers and J. Louis Carter for plaintiff.*
*W. S. Blakeney and Bridges & Orr for defendant.*

PER CURIAM. The plaintiff owned and constructed a water line and
made provisions in such construction for taps to be made for the use of
purchasers of lots in his subdivision. Moreover he constructed the line
as he testified with the full knowledge that the city would run water
through it and that it would charge for the water. There was evidence
that the city had given one person permission to tap the line without
the consent of plaintiff, and that the regular tapping fee was $65.00.
The city denies that it has appropriated the property.

All phases of the case were submitted to the jury by the trial judge,
and no error of law appears in the record.

Affirmed.